[No. 13134. In Bank. — May 17, 1889.]

# J. MARION BROOKS, PETITIONER, v. JOHN FISCHER, RESPONDENT.

CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — LOS ANGELES CHARTER — JOINT RESOLUTION OF LEGISLATURE. — Under section 8 of article 11 of the constitution, a city charter may be approved by a majority vote of the members elected to each house of the legislature, without the concurrence of the governor. The approval of the charter of Los Angeles by a joint resolution of both houses of the legislature was sufficient to give it validity, without the enactment of a bill to be approved by the governor.

ID. — LEGISLATURE. — The legislature is not synonymous with the law-making power, and does not include the governor, except as applied to the enactment of laws. The legislature, as a distinct body, consists of the senate and assembly, and is empowered by the constitution to act as a distinct body, with reference to the approval of city charters.

ID. — MUNICIPAL CHARTER — CONFLICT WITH GENERAL LAWS. — Under the constitution, the charter to be framed for a city government must be consistent with the constitution and with the general laws of the state. But the whole charter cannot be held invalid because a few of its provisions may be inconsistent with general statutes in force at the time of its adoption.

APPLICATION for a writ of prohibition to prevent the city assessor of Los Angeles from proceeding to act under the provisions of the new charter of that city.

The facts are stated in the opinion of the court.

*W. T. Baggett*, and *J. Marion Brooks*, for Petitioner.

The legislature is the law-making power of the state, and no law can be passed except by bill approved by the governor. (Const., art. 4, secs. 1, 6, 15, 18, 22, 26, 27; *Hatch* v. *Stoneman*, 66 Cal. 632; *State* v. *Platt*, 2 S. C. 150; 16 Am. Rep. 647; *Boyers* v. *Crane*, 1 W. Va. 176; *May* v. *Rice*, 91 Ind. 546; *Wolfe* v. *McCaul*, 76 Va. 876; Story on the Constitution, secs. 881, 891; *Hollingsworth* v. *Virginia*, 3 Dall. 378; *State* v. *Bailey*, 16 Ind. 46; 79 Am. Dec. 405.)

*Charles McFarland*, and *Chapman & Hendrick*, for Respondent.

The governor is no part of the legislature. (Const., art. 3, sec. 1; art. 11, sec. 8.) In approving a charter, the legislature is not exercising the powers of ordinary legislation, it being forbidden to pass local or special laws (Art. 4, sec. 25), and having no power to alter or amend the charter (Const. Amend. No. 16, 1887, pp. 89, 90), in like manner as it may alter or amend a bill. (Const., art. 4, sec. 15.) The power is that of mere approval or rejection of the charter, rather than of enactment. A reasonable doubt should be solved in favor of the legislative action. (Cooley's Const. Lim. 182.)

*S. D. Woods*, *amicus curiæ.*

WORKS, J.—This is a petition for a writ of prohibition to prevent the defendant from proceeding to act as assessor of the city of Los Angeles. The petition alleges, among other things:—

"1. That on the twentieth day of October, 1888, the qualified electors of said city ratified a charter for the government of said city, framed as provided by section 8, article 2, of the constitution of the state of California, and thereafter, to wit, on the —— day of ——, 1889, a resolution was introduced in the senate of the state of California (the legislature being then in session), entitled 'Senate Joint Resolution No. 2,' purporting to be a resolution approving the aforesaid charter; that a majority of the members elected to the senate, and a majority of the members elected to the assembly, voted in favor of said resolution on the twenty-third day of January, 1889.

"2. Said charter was never submitted to the legislature of the state of California for its approval or rejection, as provided by section 8 of article 2 of the constitution; that neither the said resolution nor the said charter was ever read on three several days in each house, nor was

either declared a case of urgency; that neither said resolution nor said charter was ever presented to the governor of the state of California for his approval or rejection, nor were they, or either of them, signed or approved by said governor.

"3. That the powers and duties of the city assessor, in relation to the assessment of property prescribed by the laws existing prior to the framing of the aforesaid charter, were other than and essentially different from the powers and duties provided in said aforesaid charter.

"4. That notwithstanding that said charter has never been submitted to the legislature for its approval or rejection, and never presented to and signed and approved by the governor, the said defendant, as city assessor, without and in excess of the duties and powers conferred by prior laws, threatens and is now proceeding to assess all taxable property in said city, according to and by virtue of the provisions of said charter, and not otherwise, and particularly the property of your petitioner, notwithstanding his attention has been called to excess of jurisdiction."

The prayer of the petition "is for an alternative writ of prohibition commanding the defendant to refrain from further proceedings in the matter specified herein until the further order of the court, and to show cause before this court, at a time and place specified in the writ, why he should not be absolutely restrained from any further proceedings in said matter."

It will be seen by the allegations of the petition that the sole question presented is as to the validity of the charter of the city of Los Angeles.

Two objections are made to the charter: 1. That it was not legally adopted; 2. That it is inconsistent with the general laws of the state.

1. It is conceded that the charter was adopted by the legislature by a joint resolution passed by a majority of the members elected to both houses of the legislature,

and it is claimed on the part of the petitioner that this is not sufficient, but that it must have been adopted by a bill passed after the necessary readings, provided for in the enactment of a law, and approved by the governor.

The constitution, so far as it relates to the action of the legislature, provides that the charter shall "be submitted to the legislature for its approval or rejection as a whole, without power of alteration or amendment, *and, if approved by a majority vote of the members elected to each house*, it shall become the charter of such city." (Const., art. 11, sec. 8.)

It is contended by the petitioner that the term "legislature," as here used, means the law-making power, and includes the governor, and incidentally it is contended that, so far as the enactment of laws is concerned, the governor is a part of the legislature.

The language of the constitution referred to is peculiar. It provides: 1. For submission to the legislature for its approval or rejection; 2. That if approved by a majority vote of the members elected to each house, *it shall become the charter of said city.* This does not in terms require any action on the part of the governor, but expressly provides that immediately upon its being approved by a majority of the members of the two houses of the legislature, it shall become the charter of the city.

The governor is not, in fact, a part of the legislature. The constitution provides: "The legislative power of this state shall be vested in a senate and assembly, which shall be designated 'the legislature of the state of California.'" (Const., art. 4, sec. 1.)

It will be seen, therefore, that the legislature is one thing and the law-making power of the state another. It does not follow that because in other parts of the constitution, as contended by counsel for the petitioner, the term 'legislature,' so far as it applies to the enactment of laws, includes the governor as a part of the law-making

power, that such is the effect of the language above quoted with reference to the adoption of city charters. The language of the section itself clearly shows a different intention. It provides for the submission to the legislature, which does not necessarily include the governor, and provides in express terms that the proposed charter shall become effective upon its being approved by the members of that body. It seems to us that this language is so plain and unequivocal that it cannot call for a construction by this court. It is enough that the constitution has so provided. This being the effect of the constitution, it seems to us to be wholly immaterial whether the charter was approved by the legislature by a bill in the regular form or by way of a joint resolution. Its approval was clearly indicated, as is conceded by the petitioner, and this, it seems to us, was enough.

2. The further objection is, that the charter, if properly adopted, must be held to be invalid, for the reason that it is in conflict with the general laws of the state.

Under the provisions of the constitution, the charter to be framed for a city government must be " consistent with and subject to the constitution and laws of this state." It is contended by the petitioner that certain provisions of the charter are inconsistent with existing general laws, and particularly that it is in conflict with the general law with reference to the improvement of streets. It may be that certain of its provisions are inconsistent with present laws, and that so far it cannot be effective as against such laws, but this is a matter that it is unnecessary for us to determine. It is enough to say that the whole charter cannot be held to be invalid because of the fact that a few of its provisions may conflict with general statutes now in force. For these reasons we are of the opinion that the petition should be denied, and it is so ordered.

SHARPSTEIN, J., THORNTON, J., McFARLAND, J., BEATTY, C. J., and PATERSON, J., concurred.