[Civ. No. 2127. Third Appellate District.—March 15, 1920.]

LOUIS WINTER, as Assessor, etc., Petitioner, v. GEORGE M. DE SHIELDS, as Auditor, etc., Respondent.

[1] COUNTIES — CHARTERS — CONFLICT WITH CONSTITUTION.—While a charter should be consistent with the constitution of the state, the whole charter cannot be declared null and void because it may contain certain provisions that are inconsistent with the constitution of the state at the time of its adoption.

[2] ID.—CHARTER OF TEHAMA COUNTY—SALARY OF ASSESSOR—CONSTITUTIONAL LAW.—The provision of the charter of the county of Tehama fixing the salary of the assessor would not be rendered invalid by reason of the fact that other provisions of said charter were unconstitutional.

PROCEEDING in Mandamus to compel the auditor of Tehama County to draw his warrant for salary claimed by petitioner. Writ denied.

The facts are stated in the opinion of the court.

H. D. Jerrett for Petitioner.

M. J. Cheatham and Frank Freeman for Respondent.

NICOL, P. J., *pro tem.*—The petitioner is the assessor of Tehama County and makes this application for a writ of mandate to compel the respondent, as auditor of said county, to draw his warrant in his favor for the sum of three hundred dollars, which amount is claimed by the petitioner as his salary as such assessor for the month of December, 1919.

The petitioner contends that his salary is three thousand six hundred dollars per annum as assessor of said county, as fixed by section 4266 of the Political Code, Tehama County, being a county of the thirty-seventh class. He bases this contention on the ground that the charter of said county adopted by the electors in 1915 and ratified by the legislature in 1917 (Stats. 1917, p. 1877), fixing the assessor's salary at two thousand dollars per annum, is unconstitutional for the reason that the said charter "is inconsistent and does not substantially conform to section 7½, article XI, of the constitution."

It would serve no useful purpose and would unnecessarily prolong this opinion to enter into an examination of the many objections raised by the petitioner to the constitutionality of this charter. The character of these objections may be shown by the following brief statement of the reasons that he advances in dealing with the provisions of the charter, relative to the board of supervisors, to wit: That the charter makes no substantial provision for the constitution, regulation, and government of the board of supervisors, nor for the qualifications of the members of said board, as required by subdivision one of section 7½, article XI, of the constitution, and that section 4 of article II of the charter is not a substantial compliance with subdivision 4 of said section 7½, in this, that it does not set out in full the powers and duties of the board, and that sections 5, 9, 10 and 11 of article II of the charter are unconstitutional in that they contravene subdivisions 4 and 5 of said section 7½ of article XI of the constitution. Upon these and other objections not necessary to be enumerated the petitioner contends that the entire charter should be declared null and void.

Without entering into an examination of the objections raised by the petitioner to the charter, it is sufficient to say that, even if these objections possessed merit, still they would not render the whole charter of the county null and void and would have no bearing upon the question of the validity of the provision of the charter which fixes the salary of the assessor at the sum of two thousand dollars per annum.

[1] The rule is well settled in California that, while a charter should be consistent with the constitution of the state, the whole charter cannot be declared null and void because it may contain certain provisions that are inconsistent with the constitution of the state at the time of its adoption. In the case of *Brooks* v. *Fischer*, 79 Cal. 173, [4 L. R. A. 429, 21 Pac. 652], an attack was made upon the charter of the city of Los Angeles. At the time the decision in that case was rendered the constitution then provided that the charter to be formed for a city government must "be consistent with and subject to the constitution and laws of this state." The court, in passing upon the objection to the charter, said: "It is contended by the

petitioner that certain provisions of the charter are inconsistent with existing general laws, and particularly that it is in conflict with the general law with reference to the improvement of streets. It may be that certain of its provisions are inconsistent with present laws, and that so far it cannot be effective as against such laws, but this is a matter that it is unnecessary for us to determine. It is enough to say that the whole charter cannot be held to be invalid because of the fact that a few of its provisions may conflict with general statutes now in force.''

[2]  This decision by the supreme court is decisive of the matter now before us, and the charter of Tehama County having fixed the salary of the assessor of that county at the sum of two thousand dollars per annum is conclusive. For these reasons we are of the opinion that the alternative writ of mandate heretofore issued should be vacated and the application for a peremptory writ of mandate be denied, and it is so ordered.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 13, 1920.

All the Justices concurred.