[Civ. No. 2406.    Third Appellate District.—January 31, 1922.]

## COUNTY OF TEHAMA, Respondent, v. LOUIS WINTER, Appellant.

[1] Public Officers—Assessor of Tehama County—Compensation—County Charter.—The provision of section 3 of article IV of the charter of the county of Tehama fixing the salary of the assessor at two thousand dollars per annum is constitutional and paramount to section 4266 of the Political Code, which fixes such salary at three thousand six hundred dollars per annum and a

percentage on collected personal property taxes, and in view of section 5 of article IX of such charter, it is the duty of the assessor to pay such percentage to the county treasurer.

APPEAL from a judgment of the Superior Court of the County of Tehama. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. D. Jerrett for Appellant.

M. J. Cheatham for Respondent.

PREWETT, P. J., *pro tem.*—The county of Tehama, respondent herein, brought suit against the appellant, its county assessor, to recover the sum of $1,506.60, retained as compensation for the collection of certain personal property taxes collected by him in his official capacity as such assessor. The county prevailed in the action and appellant brings this appeal from the judgment. He bases his claim to this percentage upon the provisions of subdivision 7 of section 4266 of the Political Code, which subdivision, it is admitted, deals with the compensation of the assessor of said county. Said subdivision reads as follows: "The assessor, $3,600 per annum; provided that the assessor shall be entitled to receive and retain for his own use, four per cent only on personal property tax collected by him," etc.

[1] The respondent county is governed by a charter regularly adopted in the manner provided by law. This charter is in conflict with the terms of said subdivision with reference to the compensation of the assessor, and especially as to said percentage. Whether the charter or the Political Code is paramount is the only question presented on this appeal. This question, however, is shorn of any uncertainty by several very recent decisions of the supreme court and of this court construing the particular provisions now under examination. It will be found convenient to quote in full such provisions of the charter as relate to this controversy. One section reads as follows: "The salary of the assessor shall be $2,000 per annum, and he shall be allowed $1,000 per annum for deputy hire," etc. (Sec. 3, art. IV.)

Another section of the charter deals with the disposition by the various county officers of such fees and commissions

as are allowed by law. It reads as follows: "In all cases in which an officer is to receive a fixed salary, whether such salary be fixed by this charter or by the board of supervisors, such salary shall be in full compensation for all services by such officer; and in all cases in which such officer is, by general law, entitled to charge and receive any fees or commissions it shall be the duty of such officer to charge, collect and receive such fees or commissions and to pay the same monthly to the county treasurer." (Sec. 5, art. IX.)

The constitutionality of the above-quoted provision of the charter fixing the annual salary of the assessor at $2,000, was distinctly upheld by this court in the case of *Winter* v. *De Shields* (No. 2127), 46 Cal. App. 574 [189 Pac. 703]. While no application was made for a hearing of the case in the supreme court, that tribunal, in *Jones* v. *De Shields* (No. 3233), 187 Cal. 331 [202 Pac. 137], made quotations therefrom with approval. These quotations cover the identical point now under consideration, to wit, the point whether or not the charter provision fixing the salary of the assessor at $2,000 per annum is constitutional. That his salary is fixed at $2,000 may, therefore, be treated as a closed question. This conclusion renders it unnecessary to examine at length the contention of the appellant that the provisions of the charter in question are unconstitutional.

Section 5, above quoted, provides that all fees and commissions now authorized by law must be collected by the respective officers whose salaries are fixed by the charter and paid monthly into the county treasury. This disposes of the single issue in the case.

Judgment affirmed.

Hart, J., and Burnett, J., concurred.