[Civ. No. 8418. First Appellate District, Division Two.—April 25, 1932.]

EVANGELISTA BELLI et al., Petitioners, v. THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Samuel T. Bush for Petitioners.

Milton Marks for Respondents.

SPENCE, J.—Petitioners herein seek to review the action of the respondent board in hearing and determining an appeal in a rezoning proceeding.

Petitioners had protested before the city planning commission against the granting of an application to change a piece of property belonging to Mrs. Jennie Jones from the second residential district to the commercial district. The commission took the application under advisement and thereafter failed to act thereon. The charter of the city and county of San Francisco in effect at that time provided that, "The failure of the commission to act within ninety days . . . shall be deemed and be approval of such classification by the commission." (Art. XVIII, sec. 4, San Francisco City Charter, Stats. 1929, p. 2020.) After the expiration of ninety days an appeal was taken to the respondent board by some of those who had protested against the granting of the application by the commission. Petitioners herein filed their written objections to the hearing of the appeal by the respondent board upon the ground that the approval of the application by the commission resulting under the terms of the charter from the failure of the commission to act was void, as the "mayor of said city and county was not notified of said action nor afforded an opportunity to approve or disapprove the same". Petitioners sought to restrain and prohibit respondents from hearing and determining said appeal by

applying for a writ of prohibition in the superior court, but said application was denied. An appeal was taken from the judgment of the superior court, which appeal is now pending. The questions involved on that appeal have become moot, as the respondent board has since acted on the appeal in the zoning proceeding. Said board by 9 to 5 vote refused passage to a resolution, which resolution had for its purpose the disapproval of the granting of the application to rezone the property. Said proposed resolution which was refused passage by the respondent board was certified to the mayor, who took no action thereon. The appeal to the respondent board was thereby lost and the result of the proceedings was to effect a rezoning of the property unless the proceedings before the commission were void for the reasons urged by petitioners.

The provisions of article XVIII, section 5, of the charter of the City and County of San Francisco (Stats. 1929, p. 2020), then in effect, read in part as follows: ''Every resolution of the City Planning Commission and every ordinance of the Board of Supervisors which shall be adopted or passed relative to the subject-matter of the article shall be presented to the Mayor for his approval. The Mayor shall return such resolution or ordinance to the City Planning Commission or Board of Supervisors, respectively, within ten days after receiving it. If he approves it he shall sign it and it shall thereupon become effective unless an appeal to the Board of Supervisors is pending. If such an appeal is pending, the approval by the Mayor shall not result in rendering such resolution or ordinance effective. If he disapproves it he shall specify his objections thereto in writing. If he does not return it with such disapproval within the time above specified it shall take effect as if he had approved it, unless an appeal to the Board of Supervisors is pending. . . . ''

It is petitioner's contention that ''the inaction of the commission was equivalent to the adoption of a resolution of approval'', but that the proceedings before the commission were void because of ''the failure to certify to the mayor the proceedings leading to the approval of the application to rezone''. Petitioners thereupon argue the respondents ''had no jurisdiction, by hearing the appeal, to validate a void act of the city planning commission and *certiorari* will lie''.

Petitioner's claim of invalidity has no merit unless the charter required certification to the mayor of the proceedings before the planning commission leading to the approval of the application where such approval resulted from the failure of the commission to act. We find no such requirement in the charter. It is true that a complete scheme was provided for presenting every "resolution" which had been "adopted or passed" by the commission to the mayor for approval or disapproval. In other words, the charter expressly conferred· upon the mayor the veto power over such resolutions. We search in vain, however, for any provision which confers such veto power upon the mayor in cases where the approval of the commission results from its failure to act. Petitioners make the point that as the failure of the commission to act was equivalent for some purposes, including appeal, to a resolution of approval, it follows that the mayor had the veto power over such approval resulting from the failure of the commission to act. In our opinion this point may not be sustained. If it was the intention of the framers of the charter to confer the veto power in such cases they failed to express such intention in the charter. That instrument is devoid of any provision requiring certification or presentation to the mayor of the record of the proceedings where approval results from the commission's failure to act and is likewise devoid of any provision requiring the approval of the mayor in such cases. ▮ It is not the function of the courts to work out a plan for the exercise of the veto power by the. mayor in those cases in which the charter neither provides such plan nor confers such power. The veto power is not an inherent power of the mayor and the terms of the charter define the extent to which it may be exercised by him. Such power exists only to the extent that it is clearly granted and is not to be enlarged by any strained construction. (*Jacobs* v. *Board of Supervisors*, 100 Cal. 121 [34 Pac. 630] ; *McDonald* v. *Dodge*, 97 Cal. 112 [31 Pac. 909] ; *Brooks* v. *Fischer*, 79 Cal. 173 [4 L. R. A. 429, 21 Pac. 652] ; 18 Cal. Jur. 913, sec. 203; 2 Dillon on Municipal Corporations, 5th ed., p. 910.)

From a reading of the above-quoted section 5 we think it clear that the veto power of the mayor was conferred only in those cases where a "resolution" had been "adopted or

passed'' and was not conferred in those cases where approval resulted from inaction. It follows that the proceedings in the instant case were not void as contended by petitioners for failure of the commission to certify their inaction to the mayor.

The respondent board therefore did not exceed its jurisdiction in hearing and determining the appeal and the proceedings before the respondent board are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.