[Sac. No. 6750. In Bank. Oct. 5, 1956.]

EARL F. HEDLUND, Petitioner, v. ALICE DAVIS, as County Clerk, etc., et al., Respondents; EDWARD J. ALLEN, Real Party in Interest.

Earl F. Hedlund, in pro. per., for Petitioner.

Rawlins Coffman for Respondent Davis.

No appearance for Respondent Board of Supervisors.

Edward J. Allen, in pro. per., for Real Party in Interest.

SCHAUER, J.—Earl F. Hedlund petitions for a writ of mandate to be addressed to the county clerk and to the Board of Supervisors of Tehama County. Petitioner asks that respondents be directed to perform such official duties respectively as under the law devolve upon them to the end (1) that the office of district attorney of the county of Tehama shall be placed upon the ballot at the general election to be held on November 6, 1956, in order that a qualified candidate may be elected at such general election to serve for the remainder of the unexpired term of Bruce Werlhof, who was elected in November, 1954, for a term which is to expire in January, 1959, and who resigned from such office on June 11, 1956; (2) that there shall be accepted, examined, and otherwise dealt with in accordance with law all independent nomination papers which may be timely tendered by candidates for the office of district attorney of the county of Tehama, to be voted on at the general election of November 6, 1956; and (3) that there shall be printed on the ballots to be used at

the general election of November 6, 1956, in the county of Tehama, the name or names of any person or persons who pursuant to law may be found to have qualified as a candidate or candidates for the office of district attorney of such county of Tehama, pursuant to the provisions of section 3000 et seq. of the Elections Code of the State of California.

Due to the industry of petitioner, of the incumbent district attorney as a real party in interest, and of counsel for respondent county clerk, the issue before us has been fairly, promptly, and concisely presented. It is purely one of law. From the petition and the returns thereto filed by the county clerk, and by the incumbent district attorney,[1] it appears that at the time of the holding of the primary election in California on June 5, 1956, and thereafter until June 11, 1956, one Bruce Werlhof was the duly elected and acting district attorney for Tehama County; he had been elected for the term which will expire in January, 1959. On June 11, 1956, subsequent to the primary election, Werlhof resigned his office effective immediately, and immediately thereafter respondent board of supervisors appointed Edward J. Allen to the office which had been made vacant as above noted; the board purported to appoint Allen to serve "for the 'unexpired term' " of Werlhof, although, petitioner contends, by virtue of the charter provisions of the county of Tehama the appointment of Allen is, and can be, effective only until the general election on November 6, 1956.

On September 11, 1956, petitioner caused a statement to be published in the newspapers of Tehama County stating that in his understanding of the law the term of the incumbent district attorney will expire on November 6, 1956, and that the people have the right to elect their district attorney on that date. His published statement concludes, "I am making this public announcement of my intention in order that, should my construction of the law be correct, every attorney who is interested in the office will have a fair and equal opportunity to seek it. . . ."

On September 14, 1956, petitioner and Allen, the incumbent district attorney,[2] each tendered to the county clerk $180 for prepayment of the filing fee required by law, and received

[1]The board of supervisors have stated that no return will be filed by them.

[2]Although Mr. Allen takes the position that his appointment continues for the full unexpired term of Werlhof (that is, until January, 1959), he seeks to qualify as a candidate for the November 6, 1956, ballot, if it is determined that the office should appear on such ballot.

from her appropriate nomination forms. The clerk at that time informed them, however, that she was "conditionally" accepting the fees and "conditionally" issuing the nomination papers and that because of shortness of time for the completion of the nomination procedure provided by section 3000 et seq. of the Elections Code she could not assure them that the name of either petitioner or Allen would actually appear on the ballot at the November 6 election or that an election would in fact be held for the office of district attorney on that date or that she might not demand, as a condition to the acceptance of nomination papers when completed, a court order requiring her to accept such papers.

Section 3000 et seq. of the Elections Code provide for the type of independent nomination procedure which petitioner seeks to follow here. Sections 3046 to 3050, inclusive, prescribe the form and substance which the nomination papers shall follow. Such nomination papers, according to section 3043, shall be filed not more than 65 nor less than 40 days before the day of election. September 27 is the fortieth day before November 6. There is a further provision, however, in section 3045, that "Not more than five days before the first day, and not less than five days before the last day on which a nomination paper may legally be filed, it shall be . . . left with the county clerk for examination, or for examination and filing"; the last day for compliance with this last requirement would be September 22 which, being a Saturday, the parties agree would make the last day fall on September 21. The alternative writ herein was issued on September 19.

Both petitioner and Allen circulated their respective nomination papers throughout the county of Tehama and filed them with respondent county clerk on or before September 21. That official, at the date of her return, was in the course of examining them, although she alleges that "she is unaware of any vacancy in the office of district attorney of the County of Tehama."

The basic issue before us is whether under applicable law the appointment of the incumbent, Allen, is inherently effective for the full unexpired term of Werlhof, which will terminate in January, 1959, or whether such appointment terminates at the general election[3] to be held on November 6, 1956.

---

[3] We are not in this proceeding concerned with any question as to whether, technically, the appointive term would *ipso facto* end on the day of the election or would carry over until the counting of ballots, the delivery of a certificate of election, and the actual qualification of an elected successor.

If the appointment as a matter of law carries over for the full unexpired term then no vancacy will exist in the office of district attorney to be voted on at the November 6, 1956, general election, but if petitioner is correct in his contentions then the office should appear on the November 6, 1956, ballot, together also with the names of candidates for that office who have qualified as such under the independent nomination procedures.

The charter of Tehama County (art. IX, § 6; Stats. 1917, p. 1891) provides, "*Whenever* a vacancy shall occur in an elective office in this County other than a member of the Board of Supervisors the Board of Supervisors shall fill *such vacancy*, except as otherwise provided in this Charter, *until* the election and qualification of his successor. In case of *any* such vacancy there *shall* be elected at the *next* general election an officer to fill *such vacancy* for the unexpired term, *unless* such unexpired term ends on the first Monday after the first day of January next succeeding the election, *in which case the election shall be for the unexpired term and for an entire new term in addition*." (Italics added.)

The Constitution of this state declares, in section 7½ of article XI, that in county charters "It shall be competent . . . to provide . . . for the following matters: . . .

"2. For sheriffs, . . . district attorneys . . . , for the election or appointment of such officers, or any of them, for the times at which and the terms for which, said officers shall be elected or appointed, . . . and, if appointed, for the manner of their appointment; and . . .

"Whenever any county has framed and adopted a charter, and the same shall have been approved by the Legislature, as herein provided, the general laws adopted by the Legislature in pursuance of Sections 4 [repealed in 1933] and 5 [having to do, among other things, with the election or appointment of county officers] of this article, shall, as to such county, be superseded by said charter as to matters for which, under this section it is competent to make provision in such charter, and for which provision is made therein. . . ."

Pursuant to the above constitutional provisions the charter of the County of Tehama (art. IX, § 6, also quoted above) has made the authorized provision for the "times at which and the terms for which" the county district attorney shall be elected or appointed. ▮ It is established that the charter provisions thus adopted are not limited by the general law which might otherwise apply. (*Estate of Miller* (1936), 5 Cal.2d

588, 592-593 [55 P.2d 491]; *County of Tehama* v. *Winter* (1922), 56 Cal.App. 341 [205 P. 97]; see also 11 Ops.Cal. Atty.Gen. 136; 28 Ops.Cal.Atty.Gen. 17.) Under such charter provisions it is plain that the unexpired term of Werlhof is to be filled by election at the very first general election which occurs following the vacancy, for which election candidates could qualify under any method prescribed by law. (See also *DeWoody* v. *Belding* (1930), 210 Cal. 461, 465 [292 P. 265].)

Respondents and the real party in interest argue that the term "general election, when applied to nonpartisan offices such as the office of district attorney here involved, embraces the entire elective process, including the June primary, since nonpartisan candidates may be and often are elected at the primary by receiving a majority of the votes," and, further, that because of the shortness of time in which candidates could qualify to appear on the November 6 ballot, following announcement by petitioner of his position on the issue, the right of suffrage of the people will not be exercised in a well-considered and deliberate election. But the charter requirement that "there shall be elected at the next general election an officer to fill such vacancy [created by Werlhof's resignation] for the unexpired term" is clear and inclusive, not exclusive, and was applicable at the very time (June 11, 1956) that Werlhof resigned and Allen was appointed district attorney to fill the vacancy. The language of the law cannot be altered by any misunderstanding of its effect nor can the meaning of that language be changed by failure of administrative agents to make earlier announcement of the necessity for the election. The fact that the vacancy did not occur until after the primary election of June, 1956, is wholly immaterial when considered in the light of the language of the charter. To hold, as further suggested by the appearing respondent and the real party in interest, that the term "next general election" refers to the first general election at which the office of district attorney is normally filled for the full four-year term would render meaningless the words "for the unexpired term" and would make surplusage of the provision for tacking the unexpired term to the succeeding four-year term. The conjunction of the last mentioned charter provisions makes altogether clear the conclusions we have reached.

 It is our view, furthermore, that the failure of the county officers of Tehama County to announce that the un-

expired term should be filled at the election of November 6, 1956, cannot properly be held to justify, as within administrative discretion, withholding the office of district attorney from the ballot or to affect the rights of qualified persons to circulate and file nominating papers pursuant to section 3000 et seq. of the Elections Code. The right of suffrage is protected by the Constitution of California (art. II; see also *Pierce* v. *Superior Court* (1934), 1 Cal.2d 759, 762 [4] [37 P.2d 453]) and every reasonable presumption and interpretation is to be indulged in favor of the right of the people to exercise the elective process. (See generally, 18 Am.Jur. 188, § 11.) The provisions of article IX, section 6, of the Tehama County Charter and of article XI, section 7½, of the state Constitution are controlling here, and petitioner is entitled to the peremptory writ which he seeks.

For the reasons above stated we did, on September 25, 1956, enter our order as follows:

IT IS HEREBY ORDERED That a peremptory writ of mandate issue forthwith directing that respondents ALICE DAVIS, as County Clerk of the County of Tehama, State of California; BOARD OF SUPERVISORS OF THE COUNTY OF TEHAMA, STATE OF CALIFORNIA; EARL DAVIES, ALBERT PRYOR, CLARENCE MENDENHALL, LYNN RAYMOND and WALTER DALE, as Members of said Board of Supervisors, perform such official duties respectively as under the law devolve upon them to the end that:

1. The office of district attorney of the county of Tehama, State of California, shall be placed upon the ballot at the general election to be held on November 6, 1956, in order that a qualified candidate, if any there shall be, may be elected at such November 6, 1956, general election, to serve for the remainder of the unexpired term of BRUCE WERLHOF, who had been elected in November, 1954, for a term which is to expire in January, 1959, and who resigned from such office on June 11, 1956.

2. There shall be accepted, examined, and otherwise dealt with in accordance with law all independent nomination papers of candidates for the office of district attorney of the county of Tehama, State of California (unexpired term of BRUCE WERLHOF, resigned), at the general election of November 6, 1956.

3. There shall be printed on the ballots to be used at the general election of November 6, 1956, in the county of Tehama, State of California, the name or names of any person or persons who pursuant to law may be found to have qualified

as a candidate or candidates for the office of district attorney of such county of Tehama (unexpired term of BRUCE WERLHOF, resigned), pursuant to the provisions of section 3000 et seq. of the Elections Code of the State of California.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and McComb, J., concurred.