TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 22-804 |
| | : | |
| of | : | December 1, 2022 |
| | : | |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| KARIM J. KENTFIELD | : | |
| Deputy Attorney General | : | |

_____

The HONORABLE TIFFANY N. NORTH, COUNTY COUNSEL, COUNTY OF VENTURA, has requested an opinion on a question relating to filling a vacancy on the county Board of Supervisors.

**QUESTION PRESENTED AND CONCLUSION**

When a vacancy arises on the board of supervisors in a general law county, Government Code section 25061 authorizes an election to fill the seat for the remainder of the term at the next "general election," subject to certain timing considerations. Are the general election dates for statewide elections in Elections Code section 324(a)(2) considered "general election" dates for purposes of filling a board of supervisor's vacancy under Government Code section 25061?

Yes, the general election dates in Elections Code section 324(a)(2) are considered "general election" dates for purposes of filling a vacancy on the board of supervisors under Government Code section 25061. For a date to qualify as a general election date under section 324(a)(2), it must be a regular election date specified in Elections Code section 1000, and a statewide election must be held on that date.

1

## BACKGROUND

This opinion request arises from a vacancy on the Ventura County Board of Supervisors. Ventura County is a general law county divided into five supervisorial districts.[1] Each supervisor is elected to office for a four-year term, with staggered elections alternating every two years between the odd- and even-numbered districts.[2]

As relevant here, Carmen Ramirez was elected to serve as the District 5 Supervisor for Ventura County on November 3, 2020. Her four-year term of office began on January 5, 2021, and will end on January 6, 2025. On August 12, 2022, Supervisor Ramirez passed away, creating a vacancy on the Board of Supervisors.[3]

In a general law county like Ventura, the Government Code dictates how such a vacancy is filled. Under Government Code section 25060, "the Governor shall fill the vacancy," with the appointee to "hold office until the election and qualification of [a] successor." In September 2022, the Governor appointed Vianey Lopez to fill the vacancy until a successor is elected and qualified.

As to the timing of a successor's election, Government Code section 25061 authorizes an election to fill a supervisor vacancy for the remainder of the term at the "next general election," unless that election would occur in the term's fourth and final year. This opinion request asks how to identify the "next general election" under section 25061 in the context of the District 5 vacancy on the Ventura County Board of Supervisors.[4]

---

[1] The California Constitution recognizes two types of counties: general law counties and charter counties. In a general law county, state statutes "regulate the [county's] powers and governmental structure." (*Dibb v. Cnty. of San Diego* (1994) 8 Cal.4th 1200, 1206.) Charter counties, in contrast, can exercise local control over certain "matters concerning the structure and operation of local government." (*Id.* at p. 1207.)

[2] Gov. Code, §§ 24203, 25000, subd. (a).

[3] Gov. Code, § 1770, subd. (a).

[4] In addressing this request, we assume that section 25061 may authorize an election here notwithstanding the Governor's appointment of Vianey Lopez to the District 5 seat. As our prior opinions have stated, a gubernatorial appointment under section 25060 lasts only until the "election and qualification of [a] successor," including an election provided for under section 25061. (See 104 Ops.Cal.Atty.Gen. 80, 81 (2021); 64 Ops.Cal.Atty.Gen. 1 (1981).)

**ANALYSIS**

We begin by construing the phrase "next general election" in Government Code section 25061, which provides in full: "The election of a supervisor to fill the vacancy for the unexpired term shall be held at the *next general election*, unless the term expires on the first Monday after January 1st succeeding the election."[5]  Our construction of that language is informed by the California Supreme Court's decision in *Hedlund v. Davis*.[6]  There, the Court considered a county charter providing that, in case of a vacancy for certain county offices, county voters must elect an officer to fill the vacancy "for the unexpired term" at the "*next general election*."[7]  Consistent with the ordinary meaning of "next," the Court construed "next general election" to refer to "the very first general election which occurs following the vacancy, for which election candidates could qualify under any method prescribed by law."[8]  We believe the same construction of "next general election" should apply to section 25061, whose language is substantially similar to the charter in *Hedlund*.  In other words, we construe "next general election" in section 25061 to refer to the first "general election" following the vacancy at which there is still time for candidates to qualify for the ballot.[9]

We note that "next general election" in section 25061 does *not* mean the next regularly scheduled election for the vacated seat.  In other statutes, the phrase "next general election" has been construed in that manner to refer to the election at which the office is normally filled for the full four-year term.[10]  But that reading would make little sense in the context of section 25061, which provides that the candidate selected at the "next general election" shall serve for the remainder of "the unexpired term."[11]  Indeed, construing "next general election" in section 25061 to refer to the election at which a supervisor is ordinarily elected would render the entire provision a nullity:  Supervisors

---

[5] Gov. Code, § 25061 (emphasis added).

[6] *Hedlund v. Davis* (1956) 47 Cal.2d 75.

[7] *Id.* at p. 79 (emphasis added).

[8] *Id.* at p. 80.

[9] This interpretation is consistent with our past opinions.  (See 64 Ops.Cal.Atty.Gen., *supra*, at pp. 1, 3-5; 28 Ops.Cal.Atty.Gen. 17, 18 (1956); unpublished opn. I.L. 76-96 (May 11, 1976).)

[10] See, e.g., *People v. Col* (1901) 132 Cal. 334, 335-338 (applying section 25, subdivision 19, of the County Government Act of 1897 to a vacancy for county auditor).

[11] See *Hedlund v. Davis*, *supra*, 47 Cal.2d at p. 80 (declining to construe "next general election" to refer to the election where the office is ordinarily filled because doing so "would render meaningless the [charter's] words 'for the unexpired term'").

3

are ordinarily elected in the fourth and final year of the term.[12]  But section 25061 expressly bars holding a vacancy election in the term's final year.  We therefore construe "next general election" in section 25061 to refer to the first general election following the vacancy where there is sufficient time for candidates to qualify for the ballot.

We turn, then, to identifying when that election might be in the circumstances here.  Although the Government Code does not define "general election," the Elections Code does.[13]  As relevant here, the opinion requestor asks how to apply Elections Code section 324(a)(2), which defines "general election" as "[a]ny statewide election held on a regular election date as specified in Section 1000."[14]

As a threshold consideration, the requestor observes that section 324(a)(2) defines "general election" in the context of a *statewide* election, whereas supervisor elections are limited to an individual *county*.[15]  But California often schedules local elections along with statewide races, to reduce election costs and improve voter participation on votes concerning local issues.[16]  Government Code section 24200, for instance, requires electing numerous county officers at the "general election at which the Governor is elected."  Because there is nothing unusual about consolidating a county election with a statewide election, we construe the term "general election" in section 25061 in accordance with the definition provided by the Elections Code—including the dates specified in section 324(a)(2).

We thus consider the possible "general election" dates following the vacancy at issue here, for District 5 of the Ventura County Board of Supervisors.  As noted, section

---

[12] See Gov. Code, §§ 24200, 24202.

[13] See, e.g., *Ryder v. City of Los Altos* (1954) 125 Cal.App.2d 209, 210-11 (construing the Government Code to incorporate relevant provisions of the Elections Code); 104 Ops.Cal.Atty.Gen., *supra*, at p. 82 (same).

[14] Elections Code section 324(a)(1) defines "general election" to also include the "election held throughout the state on the first Tuesday after the first Monday of November in each even-numbered year."  We need not separately analyze this provision here, as the same dates are defined as a "general election" under section 324(a)(2) and Elections Code section 1000(e).

[15] County Counsel Analysis Regarding Next General Election Date For Purposes Of Filling A Board Of Supervisors Vacancy, at p. 4 (Aug. 31, 2022) ("County Counsel Analysis").

[16] See, e.g., 100 Ops.Cal.Atty.Gen. 4 (2017) (discussing the California Voter Participation Rights Act, which requires holding certain local elections on a statewide election date to ensure adequate voter turnout).

22-804

324(a)(2) defines "general election" as any "statewide election held on" one of the five regular election dates "specified in section 1000." The section 1000 dates, in turn, are:

(a) The first Tuesday after the first Monday in March of each even-numbered year that is evenly divisible by four.

(b) The first Tuesday after the first Monday in March of each odd-numbered year.

(c) The second Tuesday of April in each even-numbered year.

(d) The first Tuesday after the first Monday in June in each even-numbered year that is not evenly divisible by four.

(e) The first Tuesday after the first Monday in November of each year.[17]

Under section 1000, then, the election dates following the District 5 vacancy are: (a) March 5, 2024; (b) March 7, 2023; (c) April 9, 2024; (d) June 2, 2026; (e) November 8, 2022, November 7, 2023, and November 5, 2024.

Considering these dates in chronological order, the earliest date—November 8, 2022—is a "general election" date under section 324(a)(2) because a statewide election was held on that date.[18] According to the requestor, however, that election occurred too soon after the District 5 vacancy for candidates to qualify for the ballot.[19] Therefore, as discussed above, that date does not count as the "next general election" for purposes of filling the vacancy under Government Code section 25061.

The next possible section 1000 election date is March 7, 2023, followed by November 7, 2023. But no statewide election is scheduled on either date.[20] So long as

---

[17] A range of statutes require scheduling elections on one of these dates. (See, e.g., Elec. Code, § 1301, subd. (a) [general municipal election]; Gov. Code, § 1780, subd. (e)(2) [special district governing board election]; Educ. Code, § 5018, subd. (a) [elementary school district governing board election].)

[18] See Elec. Code, §§ 1200, 1001, subd. (a). This election was also a "general election" under section 324(a)(1), as it was "held throughout the state on the first Tuesday after the first Monday of November in [an] even-numbered year."

[19] See County Counsel Analysis, at pp. 2-3.

[20] See California Secretary of State, Upcoming Elections, https://www.sos.ca.gov/elections/upcoming-elections (as of Nov. 30, 2022).

22-804

that remains the case, they cannot be "general election[s]" under section 324(a)(2), which expressly requires that a "statewide election" be "held" on the date in question.[21]

The final possible section 1000 dates are March 5, 2024, April 9, 2024, November 5, 2024, and June 2, 2026. But the first three of those dates fall in the final year of the term—2024—and Government Code section 25061 makes clear that an election to fill a supervisor vacancy for the remainder of the term may not be held during that year. Section 25061 directs that the "election of a supervisor to fill the vacancy for the unexpired term shall be held at the next general election, *unless the term expires on the first Monday after January 1st succeeding the election*"—that is, unless the next general election is in the final year of the four-year term.[22] As to the final date—June 2, 2026—it is plainly too late to hold an election for the remainder of a term that expires in January 2025.

In sum, there is no "general election" date on which an election could be held to fill the District 5 supervisor seat for the remainder of Supervisor Ramirez's term. The statewide "general election" dates specified in Elections Code section 324(a) are either too early or too late for section 25061 to authorize a vacancy election. The next election for the District 5 seat should therefore be held in 2024, in the ordinary course, for the new four-year term beginning in January 2025.

---

[21] It is beyond the scope of this opinion to analyze the separate question of whether, if a statewide special election *were* scheduled on one of these dates, it would necessarily be deemed a "general election." Although the requirements of section 324(a)(2) would appear to be satisfied, section 324(b)(1) could be read to suggest that, for a date to qualify as a general election, there must be an election for a Congressional Representative on that date. We are not asked to construe section 324(b)(1) here, and we express no opinion on how to harmonize section 324(a)(2) and section 324(b)(1).

[22] In addition, April 9, 2024, is not a "general election" under section 324(a)(2) because there is no "statewide election" scheduled to be "held" on that date. (Elec. Code, § 324, subd. (a)(2); see California Secretary of State, Upcoming Elections, https://www.sos.ca.gov/elections/upcoming-elections (as of Nov. 30, 2022).)

22-804