[No. B193116. Second Dist., Div. Three. Sept. 1, 2006.]

THELMA JEAN ROBSON, Plaintiff and Respondent, v.
UPPER SAN GABRIEL VALLEY MUNICIPAL WATER DISTRICT et al.,
Defendants and Appellants.

[No. B193129. Second Dist., Div. Three. Sept. 1, 2006.]

UPPER SAN GABRIEL VALLEY MUNICIPAL WATER DISTRICT,
Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THELMA JEAN ROBSON et al., Real Parties in Interest.

880

COUNSEL

Sedgwick, Detert, Moran & Arnold, Christina J. Imre, Douglas J. Collodel, Gregory H. Halliday and Douglas E. Wance for Defendants and Appellants and for Petitioner.

Strumwasser & Woocher, Fredric D. Woocher, Michael J. Strumwasser, Gregory G. Luke, Ellen Y. Yang; Raymond G. Fortner, Jr., and Judy W. Whitehurst, Deputy County Counsel, for Plaintiff and Respondent and for Real Parties in Interest.

No appearance for Respondent Superior Court.

OPINION

CROSKEY, J.—

## INTRODUCTION

In this case of first impression, we have before us the question of whether an official appointed to the Upper San Gabriel Valley Municipal Water District (District) is required to stand for election to fill the unexpired portion of the four-year term to which he was appointed. After the District, which is a defendant below and the petitioner and appellant herein, determined not to require the appointed official to stand for such election, real party in interest Thelma Jean Robson filed a petition with the trial court to determine the question of whether that official should be required to stand for election in order to be able to serve the balance of the unexpired term.[1] The resolution of the novel issue presented by these consolidated proceedings requires us to

---

[1] The real parties in interest are plaintiff and respondent Robson, a resident and qualified voter in division 4 of the District; defendant and respondent Conny B. McCormack, the Los Angeles County Registrar-Recorder (Registrar); Leon Garcia, an appointee to the division 3 governing board; and Francis S. Kowalski, a nominee for the division 3 office.

determine the proper construction of Government Code section 1780[2] and particularly subdivision (a)[3] thereof.

On August 3, 2006, the trial court entered an order granting Robson's petition and requiring the Registrar to prepare for and conduct an election on November 7, 2006, to fill the vacancy on the District's governing board. The District seeks to prevent that election[4] and has asserted its objection through a petition for a writ of mandate (No. B193129) as well as an appeal (No. B193116). We have consolidated the pending appeal with the mandate petition and issued an order to show cause.[5]

Having considered the entire statutory scheme in context, construing section 1780 in a manner that harmonizes and gives effect to all parts and phrases of the statute, and giving due deference to the public's right to vote for its representatives, we conclude that a person *appointed* to fill a vacancy created during the first half of the four-year term of office on the governing board of the District may serve *only* until the person *elected* at the next general election takes office. In this case, the next general election is November 2006, the mid-point in the four-year term that commenced in January of 2005.

We adopt what we believe is a logical and reasonable construction of the statutory scheme that will fully harmonize all of the provisions of section 1780. The construction we adopt also is consonant with the preservation of the public's right to vote for their representatives.

Accordingly, the District's petition for a writ of mandate will be denied and its appeal dismissed as moot.

---

[2] Unless otherwise indicated, all statutory references are to the Government Code.

[3] Subdivision (a) of section 1780 provides, in relevant part: "Notwithstanding any other provision of law, a vacancy in any elective office on the governing board of a special district, other than those specified in Section 1781, shall be filled as provided in this section. The district shall notify the county elections official of the vacancy no later than 15 days following either the date on which the district board is notified of the vacancy or the effective date of the vacancy, whichever is later. The remaining district board members may fill the vacancy by appointment. The person appointed shall hold office until the next general district election that is scheduled 130 or more days after the date the district board is notified of the vacancy, and thereafter until the person elected at that election to fill the vacancy has been qualified. The person elected to fill the vacancy shall fill the balance of the unexpired term. If the term of office is due to expire following the next general district election and that election is scheduled 130 or more days after the date the county elections official is notified of the vacancy, the person appointed to the vacancy shall fill the balance of the unexpired term of his or her predecessor. . . ."

[4] The court is informed that September 7, 2006, is the last day that the ballot may be changed without impacting the November 7, 2006 election.

[5] In her response to the petition for the order to show cause, the Registrar took no position as to the merits of the issue before us but simply expressed the view that an opinion from this court regarding the dispute as to the proper interpretation of section 1780 would be welcome.

### FACTUAL AND PROCEDURAL BACKGROUND

The District, which is located in Los Angeles County, is an incorporated water district, duly organized and existing under the laws of California. The District advises us that its purpose is to provide a reliable supply of imported water for groundwater storage and domestic consumption within its boundaries.

The governing board of the District is comprised of five directors, each holding office for a four-year term. Each member of the board takes office at noon on the first Friday in December following the general district election at which such member was elected. (Elec. Code, § 10500 et seq.) The terms are staggered so that every two years, at the general district election occurring in November, two or three of the seats will be subject to election.

An election for the District's Division 3 office was held in 2004 for a four-year term that, in the normal course of events, would not be on the ballot again until November 2008. Kenneth Manning was elected a director of Division 3 at that election. He resigned his seat on the board less than four months after assuming office.

On March 22, 2005, the District's governing board, apparently anticipating such resignation, voted to provide public notice of the vacancy on the board and to solicit potential appointees pursuant to section 1780.[6] At the next board meeting, the potential appointees were informed that the appointment would be for an "18-month interim period." On April 27, 2005, the remaining directors appointed Leon Garcia to the vacancy that had resulted from Manning's resignation.

At the time Garcia was appointed, the District noted on the record that the appointment was for an 18-month term. A press release was issued by the District announcing that Garcia would "serve as Division 3 Director until the November 2006 election. At that time, he can choose to run for election to serve the unexpired portion of the four-year term of office until December 2008."

In June 2005, the District notified the Registrar of the resignation of an elected member of its governing board. Among the Registrar's duties and responsibilities, as the District's election official, was to call elections for members of the board in accordance with the requirements of law.

On June 6, 2006, approximately a year after notifying the Registrar of the vacancy, the District voted *not* to place the Division 3 office on the ballot.

---

[6] Section 1780, subdivision (a) authorizes the District to call a special election to fill the vacancy or to appoint a successor. The District adopted the latter option.

Instead, it passed resolution No. 6-060443 requesting the Registrar to conduct an election only for Divisions 1 and 5, involving terms that were to expire in January 2007.[7]

Robson, a resident of the District, and as a beneficially interested person, filed in the trial court a petition for writ of mandate and complaint for declaratory relief based on the premise that the District was required by section 1780 to schedule and conduct an election at the next general election to fill a vacancy on its governing board occurring in the first half of a four-year term.

The District opposed the petition, arguing that Garcia was entitled to hold the office, as the District's appointee, until January 2009 when the four-year term of the Division 3 office was due to expire. The Registrar, without taking a position on the merits of the disputed issue, filed a response requesting an expedited trial court proceeding in order to resolve the question.

On July 20, 2006, Robson applied for a temporary restraining order and order to show cause regarding preliminary injunction. The trial court set a hearing on the petition for writ of mandate. On August 3, 2006, as already noted, the trial court granted that petition and issued an order requiring the Registrar to conduct an election.[8]

The Registrar began preparations for the November 7, 2006 election. The District's notice of appeal on August 10, 2006, however, automatically stayed enforcement of the trial court's August 3 order. On August 17, 2006, Robson applied for an ex parte order directing that the appeal not operate as a stay of the writ of mandate. The trial court granted that application based on a determination that the stay would cause irreparable damage to Robson and others. Thus, no stay was in effect when the instant petition for writ of mandate was filed in this court by the District.

Based on our preliminary review of the petition, we determined that the District's motion for a stay should not issue pending determination of the

---

[7] Garcia, the person appointed to fill the vacancy created by the resignation of the elected member, was apparently permitted to participate in the vote on the decision not to place the Division 3 office on the ballot and to allow him to hold that office for an additional two years without submitting to an election.

[8] Specifically, the trial court's order stated: "It is hereby ORDERED, ADJUDGED AND DECREED that the Petition for Writ of Mandate is granted, and a peremptory writ of mandate shall issue under the seal of this Court compelling Respondent and Defendant CONNY B. MCCORMACK, as Los Angeles County Registrar-Recorder, to prepare for and to conduct the November 7, 2006, Upper San Gabriel Valley Municipal Water District election for the Division[] 3 board of director seat."

merits of the District's petition. We issued an order to show cause and set the matter for argument on an expedited calendar.

## CONTENTIONS

Robson contends the statutory scheme permits an appointment to fill a vacancy on the District board only until the next general election, even if that election falls in the middle of an unexpired four-year term. In that circumstance, the appointee would serve until the person elected at the midterm election qualifies for the office; upon qualification, the person elected would fill the remainder of the term.

The issue, as set forth by the District, is "Did respondent court misinterpret section 1780 and overlook Water Code section 71512[9] to compel a midterm election for one of the [District]'s offices that had been vacated and duly filled by appointment, even though that office ordinarily would not have been on the ballot until the subsequent general election?" Or, in the alternative, "Did respondent court err when it required an interim election for a seat to which [District] appointed a replacement to fill a vacancy in a public office carrying a four-year term even though the term for that office had not expired?"

We find ourselves in agreement with Robson and answer in the negative both of the questions posed by the District.

## DISCUSSION

### 1. *Principles of Statutory Construction*

▮ The appellate court exercises its independent judgment on legal issues such as the interpretation of statutes. (*Monette-Shaw v. San Francisco Bd. of Supervisors* (2006) 139 Cal.App.4th 1210, 1215 [43 Cal.Rptr.3d 659].) The words of the statute must be read in context, bearing in mind the nature and purpose of the statute. (*Price v. Tennant Community Services Dist.* (1987) 194 Cal.App.3d 491, 499 [239 Cal.Rptr. 572].) "[E]ach sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

A court must "construe the words of a statute in context, and to the extent possible, harmonize provisions relating to the same subject matter." (*People v.*

---

[9] Water Code section 71512 provides: "A person appointed to office of director shall qualify and take office and serve exactly as if elected at a general district election."

*Schoppe-Rico* (2006) 140 Cal.App.4th 1370, 1379 [44 Cal.Rptr.3d 896].) When interpreting a statute a court must harmonize all its parts, if possible, reconciling them in a manner that carries out the purpose of the statute. (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 933 [22 Cal.Rptr.3d 530, 102 P.3d 915].)

■ When interpreting a statute the court must determine the legislative intent. The court looks to extrinsic aids, such as the legislative history, the purpose of the statute, and the entire statutory scheme, only if the statute is susceptible to more than one reasonable interpretation. (*Big Creek Lumber Co. v. County of Santa Cruz* (2006) 38 Cal.4th 1139, 1152–1156 [45 Cal.Rptr.3d 21, 136 P.3d 821].)

■ Any ambiguity in a statute relating to elections must be weighed in favor of the public's right to vote. " 'Every reasonable presumption and interpretation is to be indulged in favor of the right of the people to exercise the elective process.' [Citation.]" (*Stanton v. Panish* (1980) 28 Cal.3d 107, 115 [167 Cal.Rptr. 584, 615 P.2d 1372].)

## 2. *Legislative History*[10]

Section 1780 was first enacted in 1975. At that time, the statute stated that a person appointed to fill a special district board vacancy would hold office only until the next general election. In lieu of calling a special election to fill the vacancy, the remaining board members could fill a vacancy by appointment "until the next general district election." Subdivision (d) of section 1780 emphasized the distinction between a person appointed to fill the position and a person elected to the position: "Persons *appointed* to fill a vacancy shall hold office until the next general district election . . . , but persons *elected* to fill a vacancy shall hold office for the unexpired balance of the term of office." (Italics added.)

Since 1975, section 1780 has been amended several times to clarify its intended effect. However, the substance of the statute, at all times, has remained the same: A person *appointed* to fill a vacancy on a special district board would hold the office only until the next district election; but a person *elected* to fill the vacancy would hold the office for the balance of the unexpired term. The only situation where an appointee was permitted to serve to the end of the unexpired term without standing for election was where the four-year term was expiring and that office already was scheduled for election at the next district election.

---

[10] We have been requested to take judicial notice of the legislative history documentation at pages 192 to 266 of the appendix of exhibits filed on behalf of the District. That request is granted.

·The most recent amendments to section 1780 occurred in 1999. Those changes were part of an omnibus bill making minor, technical, and noncontroversial changes to election procedures. (Sen. Election and Reapportionment Com., Rep. on Sen. Bill No. 1208 (1999–2000 Reg. Sess.) July 19, 1999.) The purpose was to update and make more efficient the language in section 1780 in order to improve the administration of elections. This was accomplished by tying the election to fill the vacancy to the next *general* election, in place of the former language which, in effect, tied it to the next election to occur in the district. That was the focus of the 1999 amendment insofar as it affected district elections. (See Sen. Election and Reapportionment Com., Rep. on Sen. Bill No. 1208 (1999–2000 Reg. Sess.) July 19, 1999, the legislative vehicle through which the statute was amended.) Nothing in the legislative committee reports suggests that the amendments to section 1780 were intended to curtail the right of voters to elect a replacement for a director who had resigned. It would be extraordinary if the legislative purpose was to do so without reference or discussion of that effect. It would be equally extraordinary for this court to seize on ambiguous language in this technical statute to conclude that a curtailment had been effected. We decline to construe the statute in that fashion.

### 3. *Interpretation of the Current Statutory Scheme*

■ Contrary to the District's contention, Water Code section 71512 (see fn. 9, *ante*) does not refer to the term of the office of an appointee but merely authorizes a person appointed to the office of director to assume the office, and to exercise the duties and responsibilities of the office subject to Water Code section 71254, which specifies that a vacancy in the office of director *shall* be filled pursuant to section 1780.[11] Nothing in Water Code section 71512 contradicts the plain meaning of the words of section 1780. The dispute in this action centers around the interpretation of that section as it may be pertinent to *when* an election must be held to fill a vacancy created on the District's governing board.

There are three critical provisions[12] set out in section 1780, subdivision (a), which we are required to construe and apply. They are:

---

[11] While it is true that section 1781 provides that section 1780 does *not* apply to "a district subject to the provisions of Chapter 5 (commencing with section 22825) of Part 5 of Division 11 of the Water Code," section 71254 of the Water Code specifically provides that: "Whenever a vacancy occurs in the office of director it shall be filled pursuant to section 1780 of the Government Code, by a qualified person, who shall be a resident of, and otherwise qualified to be a director from, the division in which the vacancy occurred." Thus, section 1780 is the controlling statutory authority with respect to the issue before us.

[12] See footnote 3, *ante*. In the interest of clarity, no further references will be made to the qualifying phrase "130 or more days after the county elections official is notified of the vacancy" as the fact that the Registrar was notified more than 130 days before the date of the November 2006 election is not disputed and therefore it is unnecessary to discuss in the context of the issue before us.

(a) The fourth sentence: "The person *appointed* shall hold office until the next general district election . . . after the date the district board is notified of the vacancy, and thereafter until the person elected at that election to fill the vacancy has been qualified." (§ 1780, subd. (a), italics added.)

(b) The fifth sentence: "The person *elected* to fill the vacancy shall fill the balance of the unexpired term." (§ 1780, subd. (a), italics added.)

(c) The sixth sentence: "If the term of office is due to expire following the next general district election and that election is scheduled 130 or more days after the date the county elections official is notified of the vacancy, the person *appointed* to the vacancy shall fill the balance of the unexpired term of his or her predecessor." (§ 1780, subd. (a), italics added.)

Another provision of section 1780 is also relevant. Subdivision (d) provides: "Persons *appointed* to fill a vacancy shall hold office until the next general election . . . and thereafter until the person elected at that election to fill the vacancy has been qualified, but persons *elected* at that election to fill a vacancy shall hold office for the unexpired balance of the term of office." (Italics added.)[13]

We have no trouble concluding that these sections, when read together, are ambiguous; indeed, a reasonable argument can be made that they are, at least superficially, in apparent conflict. For example, the fourth and fifth sentences of subdivision (a) provide that an appointee can only serve until an elected person has qualified and then such elected person will serve the balance of the unexpired term. Yet, the sixth sentence says that an appointed person shall fill the balance of an unexpired term *if* that term is due to expire *after* the next general district election. To say the least, this is confusing, and the confusion is compounded by the language of subdivision (d) which, it appears, has general application to each of the contingencies described in the three other subsections. It is our task to determine what the Legislature intended and to read all of these sections, if we can, as a harmonized whole.

---

[13] Although the District asserted in its brief and at oral argument that subdivisions (b) and (c) of section 1780 should inform our analysis of the meaning of subdivision (a), we do not agree. Subdivisions (b) and (c) expressly relate to the circumstance where the governing board of a district has failed to fill a vacancy on the board either by appointment or the calling of an election as provided in subdivision (a). Here, the governing board of the District chose to fill the vacancy by an appointment under the terms of subdivision (a). Thus, we have no occasion to be concerned with either subdivision (b) or (c). Nothing in either subdivision in any way involves or applies to the factual circumstances presented by this case or contradicts or conflicts with our construction of subdivision (a). We do consider subdivision (d), however, because of its general nature and the need to harmonize its language with that of subdivision (a).

The District emphasizes that the fourth and fifth sentences of section 1780, subdivision (a) apply when the term of office expires at the *next* general election and the sixth sentence (permitting the appointee to serve the balance of an unexpired term) deals with a term of office expiring *after* the next general election. It construes this language to mean that the sixth sentence should control if a vacancy occurs during the first half of a four-year term and the fourth and fifth sentences would apply if a vacancy occurred in the second half of such term.[14] The District's interpretation, however, would mean that an appointee would not have to run for election until expiration of the full four-year term irrespective of how early in the term the vacancy occurs. In this case, that construction of the statute would allow Garcia, who was appointed to the District's governing board in April of 2005, to serve in that position until January 2009, a period of approximately three years and eight months, without ever having to stand for election. This would effectively preclude any participation by the voters in the selection of a director to fill this position until November 2008.

The District's position, in our view, conflicts with both the statutory language and the legislative intent and effectively disregards portions of the statutory text while treating other portions as mere surplusage. The District's interpretation would create a conflict between the sixth sentence of section 1780, subdivision (a), on the one hand, and the fourth sentence of that subdivision and subdivision (d), on the other. Moreover, it would render meaningless the fifth sentence of subdivision (a).

The District argues, in effect, that the phrase in the sixth sentence of section 1780, subdivision (a) "due to expire following the next general district election" refers to an expiration date that would fall on, or be related to, the *second* election to be held after creation of the vacancy. But there is no reason to give such a meaning to that phrase. No term of office for a special district's governing board expires on or at the date of the election. If a director's term of office is expiring, it will expire during the following December or January, depending upon the type of special district involved. It is more reasonable to construe the language in the sixth sentence of subdivision (a) "due to expire following the next general district election" as referring to the term of office that is expiring *most immediately* after the next election, rather than to a term that still has two years to run.

In order to harmonize subdivision (a) and subdivision (d) of section 1780 and to give effect to all of their provisions, the most reasonable interpretation is to conclude, as did the trial court, that the fourth and fifth sentences of subdivision (a) apply to the procedure when the vacancy occurs during the

---

[14] In making this argument, the District essentially ignores the language of subdivision (d) of section 1780.

*first* half of the director's four-year term of office—the situation existing here. The sixth sentence, on the other hand, applies to the circumstance where the vacancy occurs during the *second* half of the director's term.

In other words, if a vacancy occurs in the first two years of the four-year term, the fourth and fifth sentence provide that the appointee may hold office only until the person elected at the *next* general election has been qualified and such *elected* person at that general election will serve the remainder of the term (i.e., the remaining two years). In contrast, if a vacancy occurs in the second half of the four-year term, the sixth sentence applies so that the person *appointed* completes whatever remains of the term. This construction gives full effect to *all* of the provisions of subdivision (a) of section 1780 and is consistent with subdivision (d), which emphasizes and reiterates that a person appointed to fill a vacancy may hold office only until the next general district election. Thus, the interpretation advanced by Robson gives effect to, and harmonizes, all of the relevant provisions in both the Government Code and the Water Code.[15]

## CONCLUSION

■ We conclude that under section 1780 of the Government Code, a person *appointed* to fill a vacancy on the governing board of a special district may serve only until the person elected at the next general election (in this case November 2006) has qualified to fill that vacancy. The person elected in that election shall hold office for the unexpired balance of the term of office. At that time, an election will be held to fill the office for the next full four-year term.

---

[15] District also argues that we should take into account the fact that the Registrar has, on at least two occasions, permitted appointed persons to serve the balance of unexpired terms as directors of a municipal water district without requiring that they stand for election at the "next general district election." In doing so, the Registrar adopted the position advocated here by the District. We are not persuaded that those circumstances are anything to which we are required to give deference. It is established that, "The language of the law cannot be altered by any misunderstanding of its effect nor can the meaning of that language be changed by failure of administrative agents to make earlier announcement of the necessity for the election." (*Hedlund v. Davis* (1956) 47 Cal.2d 75, 80 [301 P.2d 843].) The failure of county officers to announce that the unexpired term must be filled in the next general election cannot justify, as within administrative discretion, withholding an elective office from the ballot or as affecting the rights of qualified persons to circulate and file nominating papers. "The right of suffrage is protected by the Constitution of California [citations] and every reasonable presumption and interpretation is to be indulged in favor of the right of the people to exercise the elective process." (*Id.* at p. 81; see also *Stanton v. Panish, supra,* 28 Cal.3d at p. 115.)

## DISPOSITION

The request for a stay is denied. The petition for writ of mandate is denied. The pending appeal is dismissed as moot. No costs are awarded in this proceeding. Our decision shall become final upon filing. (Cal. Rules of Court, rule 24(b)(3).)

Klein, P. J., and Epstein, J.,[*] concurred.

---

[*]Presiding Justice of the Court of Appeal, Second Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.